UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Action No.  3:20-cv-00837

PHYLLIS N. WILLIAMS-YOUNG,

    Plaintiff,

v.

FRANKLIN COLLECTION SERVICE, INC.,

    Defendant.
_____/

## COMPLAINT

NOW COMES PHYLLIS N. WILLIAMS-YOUNG, through undersigned counsel, complaining of FRANKLIN COLLECTION SERVICE, INC., as follows:

### NATURE OF THE ACTION

1. This is an action seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.* and the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. PHYLLIS N. WILLIAMS-YOUNG ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Jacksonville, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

9. FRANKLIN COLLECTION SERVICE, INC., ("Defendant") is a corporation organized and existing under the laws of Mississippi.

10. Defendant has its principal place of business at 2978 West Jackson Street, P.O. Box 3910, Tupelo, Mississippi 38801.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7017.

16. At all times relevant, Plaintiff's number ending in 7017 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

18. Plaintiff obtained services through AT&T.

19. Last year, Plaintiff had a billing dispute.

20. Ultimately, the dispute was resolved with AT&T crediting Plaintiff's account – *or so Plaintiff thought*.

21. Unbeknownst to Plaintiff, however, AT&T referred Plaintiff's account for collection.

22. On July 18, 2020, Plaintiff started to receive phone calls from Defendant – seeking payment on Plaintiff's alleged $148.35 AT&T balance.

23. Plaintiff's alleged $148.35 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Plaintiff's alleged $148.35 balance is a "debt" as defined by Fla. Stat. § 559.55(6).

25. Plaintiff's alleged $148.35 balance is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

26. During this call, Plaintiff disputed that she owed the debt, then verbally requested that they don't call back.

27. Regrettably, these phone calls continued in spite of Plaintiff's request.

28. Two days later, Plaintiff received another call.

29. This time, Defendant's representative, Jocelyn, quickly hung up.

30. On July 23, 2020, Plaintiff received another call.

31. During this call, Defendant's representative, Daniel, informed Plaintiff that they were seeking $148.35 on behalf of AT&T.

32. Once more, Plaintiff disputed that she owed the debt, before asking that they don't call back.

33. Each time Plaintiff answered Defendant's collection calls, she was met by an approximate three-second pause prior to being connected to an agent.

34. In total, Plaintiff received at least 5 phone calls from number(s) leading back to Defendant, including (877) 354-9845 despite Plaintiff's request(s) for the phone calls to cease.

35. Upon information and belief, Defendant placed these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

## DAMAGES

36. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

37. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

38. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

39. Paragraphs 15 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

40. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

41. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to cease.

42. Defendant's behavior of systematically calling Plaintiff in an attempt to collect debt that Plaintiff did not owe was harassing and abusive.

43. Defendant's collection calls to Plaintiff were made with specific intent of annoying, harassing, and abusing Plaintiff.

44. That Defendant knowingly placed phone calls to Plaintiff after Plaintiff informed Defendant that she did not owe the debt is illustrative of Defendant's intent to annoy and harass Plaintiff.

45. That Defendant knowingly placed phone calls to Plaintiff after Plaintiff requested that Defendant's calls cease is illustrative of Defendant's intent to annoy and harass Plaintiff.

5

## Violation of 15 U.S.C. § 1692e

46. Section 1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

    (2) The false representation of –

        (A) the character, amount, or legal status of any debt

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A) and e(10).

47. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by seeking to collect on debt that Plaintiff *did not owe*.

48. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5), e(2)(A) and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

    (1) any actual damage sustained by such person as a result of such failure;

    (2)

        (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692d(5);

6

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

49. Paragraphs 15 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Defendant placed or caused to be placed no less than five non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

51. Upon information and belief, based on the "clear pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

52. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

53. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

54. As pled above, Plaintiff revoked consent to be called on her cellular telephone on multiple occasions.

55. As pled above, Plaintiff was severely harmed by Defendant's collection calls to Plaintiff's cellular telephone.

56. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular telephones.

57. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

58. Upon information and belief, Defendant knew that its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

59. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

60. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT III:
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

61. Paragraphs 15 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Fla. Stat. § 559.72**

62. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

63. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

64. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Fla. Stat. § 559.72(7);

B. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: July 28, 2020                                         Respectfully submitted,

**PHYLLIS N. WILLIAMS-YOUNG**

By: *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com

10